UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

James E. Thomson, Jr.,

     Petitioner,  Case No. 16-cv-14453

v.          Judith E. Levy
           United States District Judge
J. A. Terris,
          Mag. Judge Anthony P. Patti
     Respondent.

_____/

**OPINION AND ORDER DENYING
PETITION FOR A WRIT OF HABEAS CORPUS [1]**

  Federal prisoner James E. Thomson, Jr. ("Petitioner"), confined at the Federal Correctional Institution in Milan, Michigan, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He challenges the validity of his armed career offender designation and his federal sentence. For the reasons set forth below, the petition is denied.

I. **Facts and Procedural History**

  In 2006, Petitioner pleaded guilty to felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In 2007, he was sentenced to an enhanced mandatory minimum of 15 years imprisonment (rather than

1

the standard 10 years maximum) as an armed career criminal under the Armed Career Criminal Act (ACCA), for having previously been convicted of three or more violent felonies. *See* 18 U.S.C. § 924(e)(1). His prior felony convictions include four Wisconsin burglary convictions and two convictions in Michigan for entering without breaking.

Following his plea and sentencing, Petitioner filed an appeal with the United States Court of Appeals for the Sixth Circuit asserting that the district court erred in treating two of his prior Wisconsin burglary convictions as violent felonies under the ACCA because they involved unoccupied buildings. The Sixth Circuit disagreed and affirmed his sentence. *United States v. Thomson*, 268 F. App'x 430 (6th Cir. 2008).

In 2016, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in the Western District of Michigan. He asserted that the United States Supreme Court's decision in *Johnson v. United States*, _ U.S. _ 135 S. Ct. 2551 (2015), rendered his sentencing enhancement under the ACCA unconstitutional. This motion was denied. The court found that *Johnson* invalidated the residual clause of the ACCA and that Petitioner was not sentenced under that clause. Instead, Petitioner was sentenced based on his prior Wisconsin burglary convictions, which were

2

enumerated, predicate ACCA felonies. *Thomson v. United States*, No. 2:16-CV-22, 2016 WL 791765 (W.D. Mich. March 1, 2016).

Petitioner subsequently filed this present § 2241 action. In this pleading, Petitioner recognizes that it is usually improper to challenge the validity of a sentence under § 2241, but argues that he should nevertheless be allowed to proceed pursuant to *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016). This is because he is actually innocent of being an armed career criminal under the ACCA. Specifically, Petitioner asserts that his four prior Wisconsin burglary convictions and his two prior Michigan entering without breaking convictions are not predicate violent felonies under the ACCA following the United States Supreme Court's decision in *Mathis v. United States*, 579 U.S. _, 136 S. Ct. 2243 (2016). Respondent has filed an answer to the petition contending that *Hill* is inapplicable, that the Wisconsin burglary convictions are still violent felonies under the ACCA even after *Mathis*, and that the Michigan entering without breaking convictions are irrelevant because this case hinges on Petitioner's Wisconsin burglary convictions. Petitioner has filed a reply to the answer.

**II. Discussion**

In general, a federal prisoner seeking to challenge the validity of her sentence must normally file a motion to vacate pursuant to § 2255 in the sentencing court. *See Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999). Still, pursuant to the saving clause of § 2255, a prisoner may challenge the validity of her sentence under § 2241 in the court having jurisdiction over the prisoner's custodian, if the available remedy under § 2255 is inadequate or ineffective. *See* § 2255(e); *Wooten v. Cauley*, 677 F. 3d 303, 307 (6th Cir. 2012); *Charles*, 180 F.3d at 756.[1] Where a prisoner claims actual innocence and is attempting to challenge her conviction in a successive action, § 2255 may be an inadequate remedy because § 2255 generally bars such litigation. *See Wooten*, 677 F.3d at 307. Under these circumstances, and in the situation where a prisoner challenges a sentence enhancement based on a retroactive change in law, the § 2255 savings clause applies if a prisoner can demonstrate that her claim relies on: "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a

---

[1] This Court has jurisdiction over prisoner's custodian, so Petitioner has filed his claim in the correct venue, regardless of its merits.

miscarriage of justice or a fundamental defect." *Hill v. Masters*, 836 F.3d 591, 595 (6th Cir. 2016) (citing *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1343 (11th Cir. 2013)). This is commonly referred to as the *Hill* exception.

Respondent argues that the *Hill* exception is not applicable to the present case, because it applies only to claims under the mandatory sentencing guidelines. It is true that *Hill* involved a guidelines claim and the Sixth Circuit has not been entirely clear whether a prisoner seeking § 2241 relief based on the *Hill* exception must have been sentenced under the pre-*Booker* mandatory guidelines. *Neuman v. United States*, No. 17-6100, 2018 WL 4520483, at *2 n. 1 (6th Cir. May 21, 2018) (noting that *Hill* was not clear whether the narrow exception it articulated applied to other cases).[2] Yet it is fair to interpret *Hill* as articulating a dual standard. Where an enhanced sentenced has been imposed above the standard statutory maximum, the three part test articulated above prevails. But where a sentence enhancement has been imposed below the maximum, a prisoner can only claim that the misapplied sentence

---

[2] In *United States v. Booker*, the Supreme Court severed and exercised a portion of the federal sentencing statute that rendered the previously mandatory sentencing guidelines advisory. 543 U.S. 220, 245 (2005).

5

presents a "fundamental defect," if the prisoner was sentenced under the pre-*Booker* mandatory guidelines. *See Hill*, 836 F.3d at 595, 597–600. The Sixth Circuit has applied the *Hill* exception to post-*Booker* cases that comport with this reading. *E.g.*, *Muir v. Quintana*, No. 17-6050, 2018 WL 4276133, *2 (6th Cir. April 26, 2018); *Sutton v. Quintana*, No. 16-6534, 2017 WL 4677548, *2 (6th Cir. July 12, 2017). Here, Petitioner's sentence enhancement exceeded the maximum. As a result, despite the fact that Petitioner was not sentenced under the pre-*Booker* guidelines, the Court will continue to apply the three-part *Hill* test to determine whether he may proceed and obtain relief under § 2241.

Petitioner meets the first and second *Hill* factors. *Mathis* involves a case of statutory interpretation. *Muir*, 2018 WL 4276133 at *2; *Sutton*, 2017 WL 4677548 at *2; *accord Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016). *Mathis* also applies retroactively to cases on collateral review. *Muir*, 2018 WL 4276133 at *2; *Sutton*, 2017 WL 4677548 at *2.[3] And Petitioner could not have relied on *Mathis* at the time of his original § 2255 proceedings, given that it was decided on June

---

[3] *Mathis*'s retroactivity is grounded in the fact that it is not a new rule. The holding in *Mathis* was dictated by prior Supreme Court precedent. *See Whorton v. Bockting*, 549 U.S. 406, 416 (2007).

6

23, 2016, more than three months after the Western District had denied his motion.

The remaining question is whether Petitioner can satisfy the third *Hill* factor, and this issue turns on the merits of Petitioner's claim: whether *Mathis* retroactively precludes his Wisconsin burglary convictions from qualifying as violent felonies under the ACCA? If so, Petitioner's sentencing enhancement was incorrectly imposed, representing a fundamental defect with the sentencing process.

Under the ACCA, the term "violent felony" includes, in relevant part, a burglary that is punishable by more than one year imprisonment. 18 U.S.C. § 924(e)(2)(B)(ii). When assessing whether a prior conviction falls within that definition, sentencing courts use a "categorical approach," focusing on the statutory elements of the crime and not on the facts that led to the conviction. In doing so, courts compare the conviction to the generic, contemporary meaning of burglary defined as "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598, 601–02 (1990). If a state burglary statute is broader than

7

generic burglary, the conviction cannot count as an ACCA violent felony. If the statute is exactly the same or narrower, it can.

However, some statutes have a more complicated structure. So, if a state burglary statute is superficially broader but includes alternative elements—sometimes called a divisible structure—the sentencing court turns to a "modified categorical approach." Under this analysis, the court reviews a limited class of documents, such as indictments and jury instructions, to determine which of the divisible alternatives forms the basis of the prior conviction. *Descamps v. United States*, _ U.S. _, 133 S. Ct. 2276, 2281 (2013).

Conversely, some statutes enumerate different factual means to satisfy the various elements. In *Mathis*, the Supreme Court clarified that a sentencing court must be sure to identify whether the items in an alternatively phrased statute are such means or actual elements. 136 S. Ct. at 2256. This is because although elements are a crime's constituent parts that must be admitted or proven beyond a reasonable doubt, means involve extraneous legal facts about the way in which a crime is committed, irrelevant to the ACCA analysis. *Id.* at 2248. If the statute lists alternative means, it is not divisible, and the prior conviction cannot

qualify as a violent felony under the ACCA if its definition under the categorical approach is broader than the ACCA generic formulation. *Id.* at 2256-57. To determine whether the statute lists elements or means, a court looks to "authoritative sources of state law," such as a state court decision or the statutory text. A court may also "peek" at the record of the prior conviction. *Id.*

In this case, the Wisconsin burglary statute provides:

Whoever intentionally enters any of the following places without the consent of the person in lawful possession and with intent to steal or commit a felony in such place is guilty of a Class F felony:

    (a) Any building or dwelling; or
    (b) An enclosed railroad car; or
    (c) An enclosed portion of any ship or vessel; or
    (d) A locked enclosed cargo portion of a truck or trailer; or
    (e) A motor home or other motorized type of home or a trailer home, whether or not any person is living in any such home; or
    (f) A room within any of the above.

Wis. Stat. § 943.10(1m). The Sixth Circuit has not addressed whether the Wisconsin statute is divisible post-*Mathis*. But, in *United States v. Lamb*, the Eight Circuit ruled that while the Wisconsin burglary statute, as a whole, covers a broader range of conduct than generic burglary under federal law, its subsections are divisible and consist of different locational

9

elements that must be admitted or proven beyond a reasonable doubt to sustain a conviction. 847 F.3d 928, 931–32 (8th Cir. 2017). In reaching this conclusion, the Eighth Circuit noted the lack of a definitive Wisconsin Supreme Court decision, but relied upon Wisconsin cases showing that the defendants were convicted of specific subsections of the burglary statute, the petitioner's own charging document, the Wisconsin model jury instructions, and a Wisconsin case addressing sub-parts of a sexual assault statute. *Id.* at 932. The Eighth Circuit affirmed the district court's decision, upholding the enhanced sentence under the ACCA on the basis that the defendant's convictions under subsection (a) of the Wisconsin statute were captured by the ACCA's generic definition of burglary. *Id.* at 932–33.

Petitioner, whose previous convictions were under subsection (a), *Thomson*, 268 F. App'x at 431–32, argues that the statute is indivisible by relying on a case from a different circuit. There, in *United States v. Edwards*, 836 F.3d 831 (7th Cir. 2016), the Seventh Circuit held that a prior Wisconsin burglary conviction under subsection (a) could not count as a "crime of violence" under the federal sentencing guidelines. At the time, the guidelines only listed burglary of a "dwelling," as a crime of

violence, not burglary of other buildings. The Seventh Circuit found that subsection (a) is not divisible and that it was broader than the generic burglary definition included in the then-current sentencing guidelines. *Id.* at 837-38. Yet *Edwards* is inapplicable here, as it involved a comparison of subsection (a)'s "any building or dwelling" language with the more limited term of "dwelling" in the old sentencing guidelines. Subsection (a)'s reference to the burglary of "any building or dwelling," in contrast, falls within the generic definition of burglary under the ACCA, which refers to "a building or other structure." Moreover, the question in this case is not whether subsection (a) is divisible, but whether the burglary statute as a whole is divisible among its subsections. Petitioner's reliance upon *Edwards* is therefore misplaced.

Subsequent Seventh Circuit precedent cuts more in Petitioner's favor, however. In *United States v. Franklin*, that court considered whether two federal defendants' prior Wisconsin convictions for burglary of a building or dwelling were predicate violent felonies under the ACCA post-*Mathis* and initially reached the same conclusion as the Eighth Circuit in *Lamb* for similar reasons. 884 F.3d 331, 335–36 (7th Cir. 2018). But the Seventh Circuit later granted the defendants' petition for

11

rehearing and vacated its decision. The Seventh Circuit determined that the Wisconsin burglary statute presented a closer question as to whether the subsections constituted alternative elements of burglary that must be proven beyond a reasonable doubt or alternative means of committing burglary and certified that question to the Wisconsin Supreme Court. *United States v. Franklin*, 895 F.3d 954, 960–61 (7th Cir. 2018). As of the date of this opinion, that case remains pending before the Wisconsin Supreme Court with briefing completed and oral argument scheduled for February 11, 2019.

On balance, given the Eighth Circuit's decision that Wisconsin's burglary of a building or dwelling remains a violent felony under the ACCA post-*Mathis* and the unsettled state of the law in the Seventh Circuit (a court more familiar with Wisconsin law than this Court), the Court cannot conclude that Petitioner has satisfied *Hill*'s third factor. Petitioner bears the burden of showing that he is entitled to relief under § 2241, *Hill*, 836 F.3d at 595, and he has not sufficiently shown that his Wisconsin burglary convictions are no longer violent felonies under the ACCA following *Mathis*, so as to call into question his sentencing enhancement. He therefore fails to establish that he is subject to a

12

misapplied sentence that presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect, and, as a result, Petitioner is not entitled to relief under § 2241.

The Court considered holding this case in abeyance pending the Wisconsin Supreme Court's ruling on the Seventh Circuit's certified question in *Franklin*, but has elected not to do so given that Petitioner is set to be released from prison on May 8, 2019, and the Wisconsin Supreme Court may not by then issue a ruling. By entering an order in Petitioner's case now, the Court affords Petitioner the opportunity to appeal its decision before this case becomes moot due to his impending release from prison.

## III. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his sentencing claim. Accordingly, the Court **DENIES** and **DISMISSES** with prejudice the petition for a writ of habeas corpus (Dkt. 1.)

A certificate of appealability is not needed to appeal the dismissal of a habeas petition filed pursuant to 28 U.S.C. § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Therefore, Petitioner need not

request one from this Court or the Sixth Circuit should he seek to appeal this decision.

IT IS SO ORDERED.

Dated: January 4, 2019
    Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 4, 2019.

s/Shawna Burns
SHAWNA BURNS
Case Manager